## Cook et al. *versus* Petty et al.

1. Where a testator by his will blended his residuary estate real, personal and mixed, and gave and devised the same to his five children share and share alike,

   *Held*, that this, by implication, made certain legacies, bequeathed by a previous clause of the will, a lien on the residuary estate ; and that it was immaterial that the personal estate was sufficient to pay the debts and legacies, but was not so applied to the latter by the executors. The legacies, nevertheless, remained a charge on the land.

2. A., one of the residuary devisees bought the undivided one fifth share of B., another residuary devisee, in the above real estate, and gave a mortgage to secure the purchase money, A. then mortgaged his two fifths to a bank. The latter mortgage was foreclosed in the United States Circuit Court, and at a marshal's sale in pursuance thereof the property was bought by C—testator's administrator c. t. a.—to whom a marshal's deed was made. Afterwards B. foreclosed his mortgage and bought in the property at the sheriff's sale in pursuance thereof, and received a sheriff's deed. The fund produced by the marshal's sale was distributed by the United States Court, and at that distribution the judgment upon which the sheriff's sale to B. was afterwards made, was presented and the fund claimed thereon, on the ground that the lien of the legacies had been divested because there was originally sufficient personal property to pay them. The United States Court decided against this, and held that said lien had not been divested. In an action of ejectment by B., relying on his sheriff's deed, against C. et al.,

   *Held* that the decree of distribution in the United States Court, having never been disturbed, settled the question of the legacies remaining a lien on the land, and that it would not be reviewed by the court, in this action.

November 12th, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J. absent.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term, 1884, No. 162.

Ejectment, by Elvira Cook, George A. Cook and Edward Cook, executors of J. W. Cook, deceased, and David R. McIntire, against R. B. Petty, administrator, d. b. n. c. t. a. of W. B. Hays, Sr., deceased, and William B. Hays, Jr., et al., to recover possession of a lot of ground in the twentieth ward of Pittsburgh.

On the trial, before COLLIER, J., the following facts appeared: Wm. B. Hays, Sr. died June 23d, 1873, seised of the property in controversy. By his will, after providing for the payment of his debts, and making several bequests of money to be paid to the legatees at various times, he provided as follows:

"And as to all the rest and residue of my estate, real, personal and mixed, I give and devise the same to Wm. B. Hays, Jr., Lydia C. Hays, Curtis H. Hays, Maggie Hays, and Mary Eva Hays, my sons and daughters not hereinbefore named, their heirs and assigns share and share alike. . . . . ."

Curtis H. Hays conveyed his undivided one fifth interest in the real estate to Wm. B. Hays, Jr. and took a mortgage to secure the balance of purchase money, and this mortgage subsequently became the property of David R. McIntire, one of the plaintiffs. Upon partition of the testator's real estate, Wm. B. Hays, Jr. was awarded his own one fifth interest, and also that of Curtis H. Hays which he had purchased. He then executed a mortgage on these two shares to the Allegheny National Bank of Pittsburgh August 16th, 1880. This mortgage was foreclosed by suit in the United States Circuit Court and judgment recovered for $33,537.50. Upon execution issued on this judgment, the property was sold at marshal's sale August 23d, 1881, and purchased by W. N. Riddle, the then acting administrator of the estate of Wm. B. Hays, Sr., and a marshal's deed was made to him. Defendants claimed through this deed.

Ignoring this marshal's sale, McIntire proceeded to foreclose his mortgage covering the Curtis Hays share, and having obtained judgment in C. P. No. 1 of Allegheny county, he issued execution to September Term, 1881, and himself purchased the property at the sheriff's sale in pursuance thereof. He then conveyed one half of his title to Cook, and they brought this action claiming under the sheriff's deed to McIntire, which was dated September 10th, 1881.

Upon the marshal's return of sale being made the money was paid into the United States Circuit Court, and an auditor appointed to distribute it. This auditor found. (1.) That originally sufficient personal property came into the hands of the executors of Wm. B. Hays, Sr. to have paid the legacies. (2.) That they had not been paid and no person-

alty remained for their payment.   (3.) That they constituted a charge and first lien on the land sold and were payable pro tanto out of the purchase money.   This report was reviewed by the Circuit Court on exceptions, and affirmed, and distribution of the fund was made accordingly.

The defendants in this action of ejectment claimed that inasmuch as the legacies under the will of Wm. B. Hays, Sr. were unpaid at the time of the marshal's sale, and were a lien on the realty—because the testator mingled realty and personalty in his definition of residue—therefore the marshal's sale divested the McIntire mortgage which was a later lien, and the plaintiffs took nothing by the sheriff's deed to McIntire.

The evidence submitted consisted of the will of Wm. B. Hays, Sr. and of the mortgages and records in the foreclosure suits and the deeds above mentioned.   Also the auditor's report and the records of the proceedings in the United States Court in the distribution of the fund derived by the marshal's sale; which was admitted under objection.

The court below charged the jury as follows:

" The evidence in this case, consisting entirely of matters of record, none of which are disputed, the jury is instructed to find a verdict for the plaintiffs, subject, however, to the opinion of the court on the question of law reserved, to wit: Whether W. N. Riddle, administrator, whose successor is R. B. Petty, administrator, one of the defendants, by the marshal's deed to him, in evidence under judgment obtained in the Circuit Court of the United States, also in evidence, took a good title in fee to the property described in the writ, free and clear of the lien of the mortgage of Hays to McIntire; and, in case the court find that he did, then judgment to be entered for the defendant, *non obstante veredicto;* otherwise judgment on the verdict.

Verdict accordingly, for the plaintiffs, subject to the question of law reserved.

The court afterwards entered judgment for the defendants upon the reserved question, whereupon the plaintiffs took this writ assigning for error the admission of the records of the proceedings in the distribution of the fund derived from the marshal's sale, and the entry of said judgment.

The case was submitted upon paper books, without oral argument.

*George Shiras, Jr., William Blakeley* and *C. C. Dickey* for plaintiffs in error.—If the legacies were a lien at the time of the marshal's sale we concede that Riddle took a good title, and that McIntire took no title at the sheriff's sale.   But there was no express charge on the land, and if by blending

real and personal estate, the real estate was charged by im-plication, or fixed with the lien of the legacies, the personal estate coming into the hands of the executors and it being sufficient to pay legacies, debts and costs of administration the lien (if any) was discharged from the real estate and the legatees must look to the executors, who are trustees for the legatees.    Where real and personal estate are blended by the will, the realty is chargeable only with the legacies for so much as the personalty is deficient: Witman *v.* Norton, 6 Binn. 395; Shelby *v.* Com'th, 13 S. & R. 348; Tucker *v.* Hassen-clever, 3 Yeates 294; McLanahan *v.* Wyant. 1 Pa. 111; Hanna's Appeal, 7 Casey 57; Kohler's Appeal, 3 Grant 143; Breden *v.* Gililand, 17 P. F. S. 38.    The report of an auditor, ap-pointed to distribute moneys received by a sheriff's sale of real estate, is not evidence in a subsequent ejectment for the land bought by the sheriff's vendee, except to show the dis-tribution of the money: Leeds *v.* Bender, 6 W. & S. 315.

*John Dalzell* for defendants in error.—The legacies under the will of William B. Hays, Sr., undoubtedly come within the well-settled rule that where a testator, without creating an express trust to pay legacies, makes a general residuary dis-position of his whole estate, blending the realty and person-alty together in one fund, the real estate is constructively charged with the legacies: Hill on Trustees, 860; Lewis *v.* Darling, 16 How. 1.    This principle was adopted as a rule of property in Pennsylvania at a very early day (Nichols *v.* Postle-thwaite, 2 Dall. 131), and has constantly prevailed.    The ex-pressions used by the court in Hanna's Appeal, 7 Casey 57, and Kohler's Appeal, 3 Grant 143, cited by plaintiffs in error, were undoubtedly spoken in respect to the case where the personal estate is the primary fund to pay legacies and the charge upon the real estate is merely subsidiary: but we have no such distinction here.    The testator by blending the per-sonalty and realty created a single fund charged with the payment of the legacies: Bank *v.* Donaldson, 7 W. & S. 410; Gallagher's Appeal, 48 Pa. St. 121.

Chief Justice MERCUR delivered the opinion of the court, January 5th, 1885.

The testator, under whom both parties claim title, blended his residuary estate, real, personal and mixed, and gave and devised the same to his five children, share and share alike. This, by implication, made the legacies a lien on the residuary estate.    Although the personal estate may have been suffi-cient to pay the debts and the legacies, yet if not applied to the latter, they remain a charge on the real estate, and are

[Gilliford *v.* Windel.]

entitled to payment out of the proceeds, when sold on an execution against the residuary devisee: Bank *v.* Donaldson 7 W. & S. 410.    The injustice of permitting such a devisee to squander the personal estate and claim to hold the realty discharged from the lien of the legacies, is too manifest to be tolerated.    It follows the legacies were a lien at the time of the sale made by the United States marshal.    The title passed by virtue of that sale, and deed made and delivered in pursuance thereof.

The fund produced by the marshal's sale was distributed by the United States Court.    On that distribution, the judgment on which the sheriff's sale has been made, was presented and the fund claimed thereon on the allegation that the lien of the legacies had been divested by reason of a sufficiency of personal estate to have paid them.    The court decided against this view, holding the lien was not thereby divested.    Thus the very matter now set up was then passed upon and decided by a court of competent jurisdiction.    The fund was in that court.    The parties were before it.    The decree of distribution which it made has never been disturbed.    It became final.    If we thought it wrong, we would not now review its correctness.    We discover no error in the admission of evidence.    It follows the learned judge committed no error in entering judgment in favor of the defendants on the question of law reserved.

Judgment affirmed.