## Todd's Estate.

*Will—Legacies—Charge on land—Blending of real and personal estate —Intention.*

Where a testator blends his real and personal estate in a residuary clause, the real estate becomes bound for the payment of legacies. The implication of the testator's intention so to charge it arises from the fact that the residue and remainder can only be arrived at when the debts and legacies have been paid.

Testator after providing for the payment of his debts, bequeathed to his wife a stated amount per week to be paid to her weekly out of his estate during her natural life, and to his son a stated smaller sum per week to be paid to him weekly out of his estate during the son's natural life. He also bequeathed to his wife the rents, issues and profits to be derived from a certain house and lot, with the further provision that in case of the death of his wife the house should be a home for his son during the latter's natural life, free and clear of any taxes, lien or expenses so long as he might choose to live therein. The executor was directed to pay the taxes, water rents and cost of keeping the house in good order out of money derived from the residuary estate. "All the rest, residue and remainder" of the estate, real, personal and mixed, was devised and bequeathed to the person who was appointed executor. The personal estate was insufficient to pay the legacies to the widow and son. *Held,* that the real estate was charged with these legacies.

Argued Oct. 8, 1906. Appeal, No. 240, Oct. T., 1905, by Annie L. Feigham, from decree of O. C. Phila. Co., Oct. T.,

1900, No. 306, charging legacies on real estate in Estate of James Todd, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for a decree to charge real estate with the payment of legacies. Before ASHMAN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree charging the real estate of the decedent with $6.00 a week in favor of Arthur Todd.

*J. H. Brinton*, for appellant.—Primarily, the personal estate is liable for the payment of debts and legacies, and where the real estate is specifically devised, it cannot be resorted to for the payment of legacies in case of the deficiency of personal estate: Bennett's Estate, 148 Pa. 139; Haworth's App., 105 Pa. 362.

*W. H. Peace*, for appellee.—Until the sums bequeathed to testator's wife and son were fully paid, the residuary estate could not be ascertained. The testator must have had this thought in mind when he blended his real and personal estate in a residuary gift. He could not devise a residue of his real estate, unless something were first paid out of it: Witman v. Norton, 6 Binney, 395; Gallagher's Estate, 48 Pa. 121; Bennett's Estate, 148 Pa. 139; Nicholas v. Postlethwaite, 2 Dallas, 131; Hassanclever v. Tucker, 2 Binney, 525; West Branch Bank v. Donaldson, 7 Watts and Sergeant, 407; Markley's Estate, 148 Pa. 538; Sloan's Appeal, 168 Pa. 422; Davis's Appeal, 83 Pa. 348.

When a testator provides that the beneficiary under his will shall have support and maintenance out of his estate, and the estate consists of land only, or of land and personal property plainly insufficient, to pay the legacy, then it becomes a charge on the land in whosoever hands it may be: Dickerman v. Eddinger, 168 Pa. 240; Linnard's Estate, 24 W. N. C. 492; Monro's Est., 9 Phila. 309; Davis's App., 83 Pa. 348; Ripple v. Ripple, 1 Rawle, 386; English v. Harvey, 2 Rawle, 305; Wiltberger's Estate, 24 W. N. C. 493; Cook v. Petty, 108

Pa. 138; West Branch Bank v. Donaldson, 7 Watts & Sergeant, 407.

OPINION BY HENDERSON, J., December 14, 1906:

After providing for the payment of his debts, the testator bequeathed to his wife $8.00 per week to be paid to her weekly out of his estate during her natural life, and to his son, Arthur, $6.00 per week to be paid to him weekly out of his estate during his natural life. He also bequeathed to his wife the rents, issues and profits to be derived from a certain house and lot, with the further provision that in case of the death of his wife the house should be a home for his son Arthur during his natural life, free and clear of any taxes, lien or expenses so long as he might choose to live therein. The executor was directed to pay the taxes, water rents and cost of keeping the house in good order out of money derived from the residuary estate. "All the rest, residue and remainder" of the estate, real, personal and mixed was devised and bequeathed to William Brown, who was also appointed executor. The personal estate was insufficient to pay the legacies to the widow and son, and the latter seeks to have his legacy charged upon the decedent's real estate. In ascertaining whether a legacy is so chargeable the whole will should be taken into consideration. A charge may arise by implication from the terms of the will. The intent of the testator is the criterion by which the question is to be determined. It is a rule of law in this state, settled by a long line of cases, that where a testator blends his real and personal estate in a residuary clause, the real estate becomes bound for the payment of legacies, the implication of the testator's intention so to charge it arising from the fact that the residue and remainder could only be arrived at when the debts and legacies had been paid: Hassanclever v. Tucker, 2 Binney, 525; Davis's Appeal, 83 Pa. 348; Sloan's Appeal, 168 Pa. 422. Applying this rule to the will under consideration the conclusion is irresistible that notwithstanding the lack of express words the testator intended the provision for his wife and son should be a charge on his real estate. Nothing was specifically devised to the residuary legatee—all he could take was what would remain after he had complied with the directions of the will by

paying the expenses and the bequests to the testator's wife and son. The testator's circumstances, the amount of his property, the provision for payments to the wife and son, which might continue for many years, and the direction that such payments be made by the executor, who was to receive any part of the estate which remained, manifest an intention to make the real estate responsible to the extent necessary to meet the provisions of the will for the appellee. Nor would the situation of the appellant be better if the personal estate had been sufficient to pay the debts and legacies; for unless it was so applied the legacies would remain a lien on the real estate: Cook v. Petty et al., 108 Pa. 138. It would be plainly inequitable to permit the residuary legatee, who is charged with administering, according to the will, to misappropriate the personal estate and then take the real estate discharged of the legacies. We do not interpret the provision of the will directing the payment of taxes, water rents, etc., to become due on the house out of the residuary estate to indicate an intention on the part of the testator that the annuities to the wife and son should be paid from the personal estate. It was his evident purpose that the son should have a fixed income, not to be diminished by annual charges on the house in which he was to live. The intent was to put the burden of the maintenance of the house upon the residuary estate in aid of the son, not to benefit the residuary legatee by limiting the payment of the legacies to the personal estate.

The decree of the court below is well supported by authority, and is affirmed.