## Reel's Estate.

*Wills—Legacies—Charge on land—Gift of "rest and residue."*

Where a testatrix, after making a number of bequests, blends her whole estate in the residuary clause, and gives it to a lodge of masons, the lands included in the residuary clause become bound by necessary implication for the payment of the legacies; for what the "rest and residue" of the estate will be cannot be ascertained until the debts, legacies and expenses of the administration are paid.

Argued October 22, 1919. Appeal, No. 130, Oct. T., 1919, by Grand Lodge of Pennsylvania of Free and Ac-

cepted Ancient York Masons, from decree of O. C. Allegheny Co., June T., 1918, No. 369, directing payment of legacies in Estate of Almatia L. Reel. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Petition for decree directing payment of legacies charged on land. Before MILLER, J.

From the record it appeared that decedent died on June 8, 1917, leaving a will by which she gave pecuniary legacies to the petitioners and others. She further directed as follows:

"All the rest and residue of my estate, including my dwelling-house known as Reel Hall, and all furniture and fixtures therein contained, I give, devise and bequeath unto The Grand Lodge of Pennsylvania of Free and Accepted Ancient York Masons as a memorial to my deceased parents and to my deceased brother Casper Reel, Jr."

The court entered a decree directing the payment of the legacies, or in default of payment the sale of the real estate. The grand lodge appealed.

*Error assigned* was the decree of the court.

*George H. Quaill,* for appellant.

*E. C. Chalfant,* of *Wright, Chalfant & McCandless,* for appellee.

PER CURIAM, January 5, 1920:

The testatrix died June 8, 1917, and this appeal is from the decree of the court below ordering the sale of her real estate for the payment of legacies held to be charges on it. After making a number of bequests she blended her whole estate in the residuary clause and gave it to the appellant, the Grand Lodge of Pennsylvania of Free and Accepted Ancient York Masons.

Her lands thus became bound by necessary implication for the payment of the legacies, for what the "rest and residue" of the estate will be, cannot be ascertained until the debts, legacies and expenses of administration are paid: Cook et al. v. Petty et al., 108 Pa. 138; Sloan's App., 168 Pa. 422. The decree below but gives effect to the intention of the testatrix, and is affirmed, at the costs of the appellant.