[No. 4731.]

NUSLY ET AL. v. CURTIS ET AL.

1. **Wills—General, Specific and Demonstrative Legacies—.**
   **Definitions.**

A general legacy is one which is payable out of the general assets of a testator's estate, such as a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of like kind. A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate, which is identified and distinguished from all others of the same nature, and which is to be satisfied only by the delivery and receipt of the particular thing given. A demonstrative legacy partakes of the nature of both a general and specific legacy; it is a gift of money or other property charged on a particular fund in such a way as not to amount to a gift of the corpus of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails.—P. 467.

2. **Wills—Legacies—Ademptions.**

A specific bequest is subject to ademption, but such is not true of a general, or a demonstrative, legacy.—P. 467.

3. **Wills—Interpretation—Specific Bequests.**

Courts are not inclined to favor a specific bequest. If compatible with the language employed, they are disposed to interpret gifts as general, or demonstrative, legacies; but if the language is clear and unequivocal, and plainly evidences an intent of the testator to create a specific legacy, such effect must be given to that language.—P. 467.

4. **Wills—Nature of Legacies—Question of Intent.**

In ascertaining the nature of a given legacy, some, but not much, aid is to be derived from the adjudicated cases. The question is one of intent to be gathered from the language used in creating it, in the light of the circumstances of the testator and the property which he is disposing of in his will.—P. 467.

5. **Wills—Interpretation—Specific Legacies Adeemed.**

A testatrix bequeathed any and all sums that might thereafter be payable to her or her estate, as the proceeds of any insurance on her husband's life, to her husband's five sisters, or such of them as should be living at the time such insurance money should be collected and received by testatrix' executors. Held, that the bequest was a specific legacy, and the insurance having been collected by testatrix during her lifetime and mingled with her property generally, that the legacy was adeemed. —P. 471.

*Error to the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

Proceeding by Rose C. Nusly, Ruth Lyttle, Eliza B. Hunt, Sarah M. Bomberger and Susan A. Thresher against Clarence Church Curtis and Oliver Augustus Whittemore, executors of the estate of Eliza C. Gallup, deceased, and Clarence Church Curtis, Sarah Ann Curtis, residuary legatees of said estate, asking for the interpretation of a will. From the decree entered, plaintiffs bring error.

*Affirmed.*

Mr. F. A.WILLIAMS, for plaintiffs in error.

Messrs. WOLCOTT, VAILE & WATERMAN and Mr. H. H. DUNHAM (Mr. WM. W. FIELD, of counsel), for defendants in error.

30

Mr. Justice Campbell delivered the opinion of the court:

In this proceeding the plaintiffs in error asked for an interpretation of the second clause of the last will of Eliza C. Gallup, deceased, under which they claim as legatees. It reads:

"Second. Any and all sums of money which may at any time hereafter become due and payable to me or my estate, by or under any insurance policy upon the life of my husband Francis Gallup, which may heretofore have been insured, payable to me or in my favor, I will and bequeath to the five sisters of my said husband, or to such of them as may be living at the time any such insurance moneys shall be actually collected and received by my executors, to be divided equally among said sisters or the survivors of them, as hereinbefore provided."

The facts pertinent to the only question argued on this review are that before the execution of the will an insurance policy for $5,000 upon the life of Francis Gallup was issued. About a year after its execution he died, and the amount of the policy on his life ($5,000) was received by the testatrix herself in her lifetime, which she commingled with her other funds, and afterwards reinvested. Not only was this amount not actually collected or received by the executors, but it was not traceable or identified in their hands. At the time of the death of the testatrix, which was more than eleven years after the will was executed, the plaintiffs in error, the five sisters of Francis Gallup who were mentioned in the will, were all living.

The only question raised and decided below, and the only one presented here, is as to the nature of this legacy. The plaintiffs in error say that it is a demonstrative legacy, and therefore it was not adeemed by the testatrix in her lifetime. The defendants in

error say that it was a specific legacy, and was subject to be and as a matter of fact was, adeemed by the testatrix in her lifetime by collecting and commingling it with her other funds. It is sufficiently exact for our present purpose to say that a general legacy is one which is payable out of the general assets of a testator's estate, such as a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of like kind. A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate, which is identified and distinguished from all others of the same nature, and which is to be satisfied only by the delivery and receipt of the particular thing given. A demonstrative legacy partakes of the nature of both a general and specific legacy. It is a gift of money or other property charged on a particular fund in such a way as not to amount to a gift of the *corpus* of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails. A specific bequest is subject to ademption, but such is not true of a general, or a demonstrative, legacy. The trial court held that this was a specific legacy, and was adeemed by the testatrix in her lifetime. Hence it construed the will as passing nothing to the plaintiffs in error as legatees.

We are of opinion that the county court was right in its decision. Courts are not inclined to favor a specific bequest. If compatible with the language employed, they are disposed to interpret gifts as general, or demonstrative, legacies; but if the language is clear and unequivocal, and plainly evidences an intent of the testator to create a specific legacy, such effect must be given to that language. In ascertaining the nature of a given legacy, some, but not much, aid is to be derived from the adjudicated cases. The question is one of intent, to be gathered from the

language used in creating it, in the light of the circumstances of the testator and the property which he is disposing of in his will. It will be observed that no particular or designated sum of money is mentioned in the clause of the will under consideration. It is a gift of "any and all sums of money which may at any time hereafter become due and payable to me or my estate, by or under any insurance policy upon the life of my husband, Francis Gallup, which may heretofore have been insured." It is only such sums of money that she bequeaths to the five sisters of her husband, or to such of them as may be living when the moneys shall be actually collected and received by her executors to be equally divided among them. This language plainly evidences an intent to bequeath not any particular sum of money to be payable primarily out of the proceeds of the insurance policies, and if the fund, for any reason, should fail, then out of the general assets of the estate; but, on the contrary, the testatrix thereby intended to give to the legatees named only such sums of money as her executors after her death actually collect and receive on certain insurance policies. The language employed negatives an intention to give them anything whatever if the moneys on the policies are received by her in her lifetime, or if the fund, for any other reason, fails or ceases to exist, as such, at her death.

Not only does the language of this will compel this interpretation, but the application of the appropriate principles of law, and the definition of the different kinds of legacies, lead to the same result. It will further be observed that this is not a gift of money "out of" or "from the proceeds of" any insurance policy; but it is a gift of the entire fund itself. It is just the same as if the policy itself had been bequeathed.

The authorities clearly sustain the conclusion which we have reached. Many of them are collected in 18 Am. & Eng. Ency. of Law (2d ed.), 711 *et seq.* It has been held that a gift of all the money due on a particular bond is as much a specific legacy as a gift of the bond itself. The same principle is applicable to an insurance policy. A gift of an insurance policy is no more specific than is a gift of all the money due thereon.—*Ashburner v. Macguire,* 2 Bro. C. C. 108; *Stout v. Hart,* 7 N. J. L. 414; *McMahon's Estate,* 132 Pa. St. 175. So a bequest of all, or part, of a specific fund, or money which shall be received under decree in a certain suit, or a gift of "all the amount of moneys and interest that may be recovered of and from K. for the sums due me on the purchase of the (described) estate," each was held to be specific.—*Gilbreath v. Alban,* 10 Ohio 64; *Chase v. Lockerman,* 35 Am. Dec. 277; 2 Williams on Executors (Perkins' Notes), 1262 *et. seq.,* notes D, H and M.

In *Byrne v. Hume,* 86 Mich. 546, though the particular legacy there was held to be a general legacy, the court, *inter alia,* says: "A specific legacy is a particular and specified thing singled out, or a particular fund, and, if this fund fail, or the specific thing bequeathed is not in existence to be carried over to the legatee, the legacy cannot be paid out of the assets of the estate." That remark is peculiarly applicable here, for the entire fund of the insurance policy was given to these legatees, and since it was not in existence at the time the will took effect, but had been collected by the testatrix in her lifetime, it became adeemed.

In *Walls v. Stewart,* 16 Pa. St. 275, 281, the court says: "Where the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it as to show an intent to burden

that object alone with the payment, it is esteemed specific, and consequently liable to be adeemed by the alienation or destruction of the object." Accordingly in that case it was held that a legacy charged on certain devised lands was specific, and became adeemed when the land was sold by the testator in his lifetime.

In *Smith's Appeal,* 103 Pa. St. 559, there was a bequest by a testator to one son of $2,000 out of the sum of near $4,000 on deposit in a bank, provided the same was collected, and to another son $1,500 with the same proviso, and the remaining part of the money that might be collected on this deposit was given in equal shares to the two sons. This deposit was collected by the testator, and the court held that the legacies to the two sons, being specific, were adeemed. The following language from the opinion of the court, being peculiarly appropriate to the case in hand, we quote it:

"The whole of the money, the entire fund, is given—the money and fund are undistinguishable. When the legacy is so connected with the fund out of which it is payable, that the legacy and fund are the same, it is specific; as if I bequeath to B. the money now owing to me from A. or in the hands of A., or the money due to me on the bond of A., the legacy is specific.—*Welsh's Appeal,* 28 Pa. St. 363. Certain parts of the money due to the testator on the deposit are given to each son, and the money thus given is the whole deposit owing by the bank.

"The giving to each a certain portion—to both the whole—is indicative of an intent to give that fund —not so much money out of the estate if the fund failed. The phrase, 'I give and bequeath to my son Samuel the sum of $2,000 out of the sum of near $4,000 now on deposit in the bank,' by itself, would vest a demonstrative legacy; but the testator added,

'providing the said amount and interest is collected from the assets or stockholders of said bank.' Manifestly, the word 'providing' is used in the sense of 'provided,' and means upon condition, or with the understanding, that said $2,000 shall be collected out of that debt. Then, if it should not be collected out of the specified debt, it was not to be paid. Here, also, the intention seems to be to limit payment of the legacy to the fund itself.''

Let us apply the principles of that case to the one in hand. Mrs. Gallup gave to the legatees the entire proceeds of an insurance policy, provided the money was actually received and collected by her executors. The entire fund, or the policies and the money collected thereon, are given. The legacy and the fund are the same and undistinguishable. Her executors did not collect or receive the money. She herself collected it in her lifetime. The legacies, therefore, were specific and became adeemed. In *Smith v. McKitterick,* 51 Iowa, 548, $2,000 which the testator received from the estate of his father was bequeathed to the testator's daughters. It was said to be a specific legacy.

Certainly, from the language employed in Mrs. Gallup's will, it could not be successfully contended that, if the insurance money had never been collected, the plaintiffs in error would have had any claim upon the general assets of her estate. If that be true, this legacy is specific. There was no gift of any particular or specified amount, but the entire fund, showing an unambiguous intention to confine the gift to the fund itself.

In *Georgia Infirmary, etc., v. Jones,* 37 Fed. 750, Wallace, Justice, says: ''In determining whether the legacy is specific or demonstrative, the question always is whether it is a gift out of a specified fund or security, or a gift of a specified sum, with a speci-

fied fund *as security.* If it falls within the former class"—that is, where it is a gift of a specified fund, or security—"the legacy fails when the fund or security ceases to exist in the testator's lifetime."

In *Hoke v. Herman,* 21 Pa. St. 301, 304, it was said that if the thing bequeathed in a will by such a description as to distinguish it from all other things be disposed of, so that it does not remain at the death of the testator, the bequest is gone. "If such legacy be of a debt, payment necessarily makes an end of it." In the case in hand, the money that became due and was payable to the testatrix in her lifetime was a debt, and there was a gift of the entire debt. Since the testatrix in her lifetime collected it and commingled it with her funds, necessarily there was an end of it, and nothing remained at her death to which the legacies here claimed could attach.

*Corbin et al. v. Mills et al.,* 19 Grat. 438, is cited by plaintiffs in error as in point. The particular bequest there under consideration was held to be a demonstrative legacy, but the language of the will by which the legacy was created is entirely different from that in the will of Mrs. Gallup. The opinion of the court with reference to this particular point would make the legacy here involved a specific legacy.

In *Barker v. Raynor,* 5 Maddock's Rep. 208, the testator's will read: "All my right, title and interest in two policies of insurance (describing them) upon trust to pay," etc. These policies were upon the life of the testator's wife, and were collected by him in his lifetime. The legacy was held to be specific. This bequest in legal effect is precisely the same as the one here where the moneys to be collected on the policy are the subject of the bequest. Such moneys constituted all the right, title and interest which the beneficiary had in them. This de-

cision by Vice Chancellor Leach was affirmed on appeal by Lord Chancellor Eldon in 3 Eng. Ch. 126. The case is quite in point.—*Starbuck v. Starbuck,* 93 N. C. 183; 2 Redfield on Wills, 431.

In 1 Underhill on Wills, section 414, the learned author says a legacy of a debt is specific, but a legacy of a particular sum payable out of a debt due to the testator is demonstrative. Applying the doctrine of the text and of the authorities already cited to the case at bar, we have this situation: The thing given by Mrs. Gallup was the entire debt which the insurance company was obligated to pay to her or her estate upon the death of her husband. There was no particular sum given, nor was that which was given made payable out of the debt due the testatrix, but being the *corpus* of the debt itself, it was a specific legacy.—*Gelbach v. Shively,* 67 Md. 498; *Maybury v. Grady,* 67 Ala. 147.

Let the judgment be affirmed.     *Affirmed.*

Chief Justice Gabbert and Mr. Justice Goddard concur.