No. 12,756.

Bond *v*. Evans, Executor.

(17 P. [2d] 311)

Decided December 19, 1932.

1

2

Mr. A. J. Fowler, Mr. Ernest B. Fowler, for plaintiff in error.

Messrs. Goss & Hutchinson, for defendant in error.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

The county court of Boulder county disallowed a claim in the sum of $436.84 filed by Annie Bond against the estate of Henry M. Fickinger, deceased. The claimant appealed to the district court, where the same result obtained. She brings the cause to this court for review on writ of error. Evans, defendant in error, is executor under the last will and testament of the deceased.

The parties have stipulated as to the essential facts. The above will was duly admitted to probate. It is in the handwriting of the testator, who was not a lawyer. It contains seven numbered paragraphs, in the first and third of which monetary bequests are made. The second, fourth and sixth paragraphs contain various bequests of shares of corporate stock. The fifth paragraph reads as follows: "Fifth: Fifteen (15) shares New York Central Railroad Stock to Mrs. Annie Bond 3955 Falcon St San Diego Calif" Paragraph seven reads: "Seventh. Other property real estate stocks or personal property to Archibald M. Nelson and William L. Evans—" The fifth paragraph, above quoted, is the only one that contains a

bequest to plaintiff in error. Other portions of the will are mentioned only to show its general framework, which counsel for Mrs. Bond regard as of significance in construing the extent of her rights acquired under the fifth paragraph.

At the time of the execution of the will, the testator owned 15 shares of New York Central railroad stock in one certificate. At the time of his death, he owned these shares and also one more, evidenced by a separate stock certificate, being 16 shares in all as shown in the inventory of decedent's estate. New York Central railroad stock is bought and sold on the New York Exchange. The railroad company paid to the executor the sum of $210 by way of dividends upon the 15 shares, accrued subsequent to the death of the testator. Furthermore, the railroad company had theretofore accorded an exclusive privilege to stockholders, to purchase additional shares in proportion to their several holdings. The executor upon behalf of the estate availed himself of the offer, and thereby acquired additional stock of the value of $226.84 upon the theory, which claimant disputes, that the estate owned all of the stock and that the purchase privilege accrued to the estate as a stockholder, instead of to Mrs. Bond.

The legacy of 15 shares has been paid and delivered by the executor to the claimant pursuant to the fifth clause in the will, but claimant asserts that this does not satisfy the bequest. Her position is that the bequest was specific; that the estate being solvent, absolute title to the identical 15 shares of New York Central stock vested directly in her upon the death of the testator, and in consequence that she, as a stockholder, and not the estate, is entitled to the subsequently accrued dividends and profits incident to the ownership of the stock. The executor, on the other hand, claims that the bequest was general and was payable out of the general assets of the estate; also that title to such 15 shares was vested in the estate; that therefore the dividends and profits accruing after

the death of the testator belonged to the estate, and that the legacy could be and was fully satisfied by the delivery to claimant of *any* 15 shares of the kind and character mentioned in the fifth paragraph of the will, regardless of whether it was the same stock that the testator owned upon his demise.

1. It is conceded that if the bequest was specific, the claim should be allowed, but if general, the executor should prevail. The following language employed in *Nusly v. Curtis,* 36 Colo. 464, 467, 468, 85 Pac. 846, is applicable here: ''It is sufficiently exact for our present purpose to say that a general legacy is one which is payable out of the general assets of a testator's estate, such as a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of like kind. A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate, which is identified and distinguished from all others of the same nature, and which is to be satisfied only by the delivery and receipt of the particular thing given. * * *

''Courts are not inclined to favor a specific bequest. If compatible with the language employed, they are disposed to interpret gifts as general, or demonstrative, legacies; but if the language is clear and unequivocal, and plainly evidences an intent of the testator to create a specific legacy, such effect must be given to that language. * * * The question is one of intent, to be gathered from the language used in creating it, in the light of the circumstances of the testator and the property which he is disposing of in his will.'' The above case of *Nusly v. Curtis* involved the disposition of the proceeds of an insurance policy.

2. The general rule, applicable to gifts of corporate stock, is thus stated in 28 R. C. L. page 293, section 268: ''It is a well-established doctrine that a bequest of a stated sum or number of shares of stock of a designated corporation without further explanation and without more particularly referring to and indicating the

identical shares intended to be bequeathed is not a specific legacy, but will be construed as a general legacy.''

The view of a text-writer, supported by ample authority, is set forth in Alexander on Wills, volume 2, page 979, section 653, as follows: "In case of a bequest generally of stocks, bonds or securities, without further explanation and without more particularly referring to or designating the corpus of the identical stocks, bonds or securities, the court will not construe such a legacy to be specific even though the testator possessed the particular property referred to at the time of the execution of his will.''

We see nothing in the will of Henry M. Fickinger, deceased, to indicate a specific bequest. Ordinarily, a certificate for 15 shares of common stock in a designated corporation may be said to be as valuable as any other certificate for like kind and amount in the same company. If a specific bequest was intended, one means of identification would be to give the serial number of the stock certificate. Other tests that have been applied are words such as "in my possession," "stock owned by me," "in my name," or words of similar import. *In re Low's Estate,* 103 N. J. Eq. 435, 143 Atl. 222, 224. They are all absent from the will here under construction.

If the tendency were to construe such gifts as specific instead of general, in many instances it might easily work a hardship upon legatees and defeat the purpose of testators. Thus, specific legacies are subject to ademption, but general legacies are not *(Nusly v. Curtis, supra),* and so, if a testator, owning a certain chattel, should specifically bequest it in his will, but afterwards dispose of it in his lifetime, there would be no article left to which the gift could attach if it were construed as a specific legacy. In the last analysis, however, the intention of the testator must prevail.

Other decisions of this court on the subject of specific, demonstrative, and general devises or bequests will be found in *Collar v. Gaarn,* 64 Colo. 160, 171 Pac. 63;

*School District v. International Trust Co.,* 59 Colo. 486, 149 Pac. 620; *Daiss v. Hanes,* 85 Colo. 397, 277 Pac. 5. The briefs are also replete with instructive cases from other jurisdictions; we have considered them, but the question has been so exhaustively reviewed by Mr. Justice Campbell in *Nusly v. Curtis, supra,* that citation of other authorities would seem to be unnecessary.

Judgment affirmed.

Mr. Justice Campbell and Mr. Justice Alter concur.