Opinion by
Mr. Justice Moore.
The parties to this action are sisters, and the dispute between them involves the assets left by their deceased father, William D. Smith. We will refer to plaintiff in error as Anna, and to defendant in error who was the executrix of the father’s will as Gladys.
Smith died September 30, 1956, and left surviving him his widow and the two daughters Anna and Gladys. His will provided for the establishment of a $30,000.00 trust for his widow; a legacy of $30,000.00 for Gladys; and Gladys and Anna were named as residuary legatees in equal shares. The will was offered for probate October 15, 1956.
November 9, 1956, the widow elected to renounce the will and to take her statutory one-half interest in the estate. December 14, 1956, Anna filed a caveat in which she asserted that the instrument offered for probate was not the last will and testament of William D. Smith; that at the time of its execution, “decedent was so unduly influenced by Gladys Emma Davison that he, unable to withstand the influence, or too weak to resist it, was *220 constrained to do that which was not his actual will but against it.” Anna also alleged that each of the trust provisions in said will was void for indefiniteness and uncertainty. All the material allegations contained in the caveat were denied. Although these issues were framed by the caveat and answer thereto, no trial was had thereon. On April 8, 1957, the sisters and their mother entered into a written agreement, which was filed in the estate proceedings. We are here concerned with the legal effect of this instrument as it bears upon the distribution of the assets of the estate to be made thereunder. The statutory one-half interest claimed by the widow was very substantially in excess of the trust provided for her under the will, and the question posed is whether Anna and Gladys are to share pro rata the “abatement” of their legacies in order to provide the full one-half statutory interest to their mother, or whether the residuary legatees must absorb all the reduction from the residuum.
We first direct attention to the statute which was then applicable. (It has subsequently been amended.) C.R.S. ’53, 152-14-10 then provided in pertinent part:
“In all cases where a surviving spouse shall renounce all benefits under the will and the legacies and bequests therein contained to other persons shall in consequence thereof become increased or diminished in amount, quantity or value, it shall be the duty of the court upon the settlement of such estate to abate from or add to such legacies and bequests in such manner as to equalize the loss sustained or advantage derived thereby in a corresponding ratio to the several amounts of such legacies and bequests according to the intrinsic value of each.”
The agreement executed by all the parties interested in the estate was that Anna would dismiss her caveat and would consent that the will be admitted to probate; the widow was awarded her statutory one-half interest *221 which would be placed in trust for her benefit, plus a widow’s allowance, and she waived other provisions of the will relating to care and maintenance. The agreement then provided:
“C. That the second party [Anna] hereby confirms and consents to all of the terms and conditions as set forth in paragraph ‘Fourth’ of the said Will, wherein the deceased gave to his daughter, Gladys Emma Davison., the sum of Thirty Thousand Dollars ($30,000.00).
“D. In consideration for the withdrawal of said Caveat and the consent to all of the provisions as set forth in this agreement, the first party consents that before distribution of the residuary portion of said estate, there shall be given to the second party the sum of Five Thousand Dollars ($5000.00) as a special bequest to the same purpose and intent as if the deceased had named her as a legatee to receive said sum in his Will.”
The “trust agreement” referred to above was a living trust under which the widow conveyed to Gladys, as trustee for particular purposes, all the assets of the estate of William D. Smith to which the widow was entitled under her election. We point out in this connection that the widow at all times stood upon her renunciation and did nothing inconsistent with her election to take under the statute.
September 15, 1959, Anna filed her petition for abatement of the legacies in accordance with the provisions of the statute above quoted. The county court decreed that all the legacies should bear a proportionate share of the burden imposed by the abatement. On appeal to the district court it was adjudged that:
“The Court concludes as a matter of law that the abatement statute can not be applied to reduce the legacies provided for, settled and agreed upon between the parties to this agreement, supported by adequate consideration, entered into voluntarily, and in good faith as a compromise and settlement of their respective interests in decedent’s estate.”
*222 The effect of this judgment was to require the full abatement burden to be borne by the residuary legatees and to exempt the $30,000.00 bequest to Gladys from bearing any pro rata share thereof.
We first determine that all bequests to the daughters were “general legacies” as distinguished from “specific legacies,” and for that reason authorities from other jurisdictions which hold that abatement made necessary in order to award a widow her statutory rights must first apply to residuary legatees or general legacies before a specific legacy will be involved, are inapplicable. From Nusly v. Curtis, 36 Colo. 464, 85 Pac. 846, we quote:
“ * * * a general legacy is one which is payable out of the general assets of a testator’s estate, such as a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of like kind. A specific legacy is a gift by will of a specific article, or a particular part of the testator’s estate, which is identified and distinguished from all others of the same nature, and which is to be satisfied only by the delivery and receipt of the particular thing given. A demonstrative legacy partakes of the nature of both a general and specific legacy. It is a gift of money or other property charged on a particular fund in such a way as not to amount to a gift of the corpus of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails. * * * ”
That case further held that a specific bequest is subject to ademption but such is not true of a general or demonstrative legacy, and that courts are not inclined to favor a specific bequest. See also School District No. 1 in Denver v. International Trust Co. et al., 59 Colo. 486, 149 Pac. 620; Dietemann v. Dietemann, 108 Colo. 508, 119 P. (2d) 611.
Under the terms of the will itself, the legacy of $30,000.00 to Gladys Davidson is clearly one to be paid *223 out of the general estate of the deceased. The agreement made by the parties merely confirmed that legacy and does not attempt to change it in any way and cannot be held to exempt it from abatement. Likewise, the residuary legacies are payable out of the general estate of the deceased, and were not changed in any way by the agreement. Although the parties by paragraph “D” of their agreement saw fit to call the $5,000.00 payment to Anna a “special bequest,” it was to be paid out of the general funds of the estate, hence its character as a general legacy was not altered. The parties in legal effect agreed that Anna was to receive the sum of $5,000.00 as a legacy in addition to that which she would receive as a residuary legatee. This $5,000.00 legacy would obviously reduce by $2,500.00 the amount which she would receive from the residuum.
The district court concluded from certain recitals contained in the contract made by the parties relating to the purposes to be accomplished by an amicable settlement of the issues raised by the caveat, that Anna had waived her right to insist that the $30,000.00 bequest to Gladys should bear its proportionate share of the burden of the abatement. In reaching this conclusion the district court erred.
The only issues raised by the caveat related to the validity of the will and the alleged lack of certainty of certain paragraphs therein. Not one word appears in any of the “Whereas” clauses of the contract to indicate that an abatement of any of the legacies was within the contemplation of the parties. That portion of the contract which follows the declaration, “NOW, THEREFORE, it is agreed as follows to wit: ” contains all that the parties actually agreed upon, and this court cannot read into the agreement an item conspicuous by its absence. Not one word appears in the specification of items upon which agreement was reached concerning the matter of abatement of legacies in order to furnish the full statutory award to the widow.
*224 Under these circumstances the statute then in force is fully applicable. The contract contains no language which removes the case from the coverage of the act. The $30,000.00 legacy to Gladys; the $5,000.00 to Anna which by the contract was a “bequest to the same purpose and intent as if the deceased had named her as a legatee to receive said sum”; and the bequest to Gladys and Anna as residuary legatees, are all general legacies and must all respond to the abatement as provided by statute.
We direct attention to the fact that the General Assembly has amended the statute which controls this case. The new act appears in S.L. 1961 at page 876. Under the new statute substantial changes in applicable law have been made, but this controversy is subject to the law as it existed prior to the 1961 Act.
The judgment is reversed and the cause remanded with directions to order distribution of the assets of said estate in a manner consistent with the views herein expressed.
Mr. Justice Hall and Mr. Justice Frantz concur.