## Markley's Estate.   Geist's Appeal.

*Will—Legacies—Blending of realty and personalty.*

Where real and personal estate are blended in the residuary clause of a will, the legacies are a charge on the real and personal estates so blended.

The will of testatrix expressly included in the residue of her estate her dwelling house, directing that the personal property included in the residue should be converted into money, with the exception of the furniture in her dwelling house, which should be retained so long as in the judgment of her said executor the house would rent more advantageously furnished than otherwise, with power of sale of said house to her executor. Testatrix had no other real estate than the house in question, and her personal property being insufficient to discharge the legacies, it was

*Held*, That the same must be paid by a sale of the dwelling house.

Argued March 30, 1892.   Appeal, No. 172, Jan T., 1892, by J. M. Willis Geist, trustee, and Florence Geist Lukens, cestui que trust, from decree of O. C. Philadelphia Co., April T., 1890, No. 474, ordering payment of legacies in the estate of Elvira E. Markley, deceased.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Hearing on petitions and answers.

The petitions were filed by the Home of the Merciful Saviour for Crippled Children and by Anna M. Weaver, legatees under the will of testatrix, and set forth that by the said will testatrix had bequeathed to the former $2,000 and to the latter $1,000 in cash.   The will contained the following residuary clause :

" Twenty-second. All the rest, residue and remainder of my estate, real, personal and mixed and wheresoever situate, including my dwelling house and its contents No. 112 South 21st street, in the city of Philadelphia, I give, devise and bequeath to my brother-in-law, J. M. Willis Geist, Esq., of Lancaster, Pennsylvania, and to his heirs and assigns, in trust nevertheless to convert the personal property not already in money, or securities into money, excepting the furniture in the said house No. 112 South 21st street, while in his judgment the said house will rent furnished more advantageously than otherwise. To invest the said money and to keep the same invested, and the investments from time to time to change at pleasure; to collect and receive the rents, income and profits of the said estate and investments, and the same to pay over to his daughter, the said Mrs. Florence Lukens, for and during all the term of her natural life, and from and after the death of the said Mrs. Florence Lukens, then I give, devise and bequeath the whole of the said residue, real and personal, to the child or children of the said Florence Lukens, who may survive her and the children of any such children who may then be deceased, share and share alike; the child or children of a deceased child or children, however, to take and if more than one among them to divide only the share or part thereof, which his, her, or their parent or parents would have been entitled to if living.

And I do authorize and empower the said J. M. Willis Geist, trustee as aforesaid, or any other parties or party, individual or body corporate, who may be acting in the said trust in his room and stead, to sell and dispose of the said real estate, No. 112 South 21st street, either at public or private sale, as to him may seem best, and with the approval of the orphans' court, of the said county of Philadelphia, to make, execute and deliver good and sufficient deed or deeds of conveyance therefor to the purchaser or purchasers thereof, such purchaser or purchasers to be in no wise responsible for the application of the purchase money, and I further direct that the proceeds of such sale shall be held and invested under and upon the same trusts hereinbefore directed and declared of and concerning the said real estate." . . . .

The petitions set forth that the personal estate was insufficient to pay the legacies and that they were a charge upon the

real estate, and prayed that the trustee be directed to sell the real estate and pay the legacies.

The answers denied that the legacies were a charge upon the premises No. 112 So. 21st street, averring that the same had been specifically devised. It was admitted that testatrix had no other real estate.

The court granted the petitions. PENROSE, J., delivering the following opinion :

" The gift of a residue—that is of what may remain after prior gifts have been withdrawn from the estate—implies, *ex vi termini*, in case of a will containing no specific devises, the payment in full of pecuniary legacies ; and hence if real estate is blended with personal, and thus blended the whole is given as a residue, it is clear, both on principle and under a long line of authority (Greville v. Brown, 7 H. L. 689 ; Hassanclever v. Tucker, 2 Binn. 525 ; Gallagher's Appeal, 48 Pa. 121 ; Brisben's Appeal, 70 Pa. 405 ; Davis's Appeal, 83 Pa. 348 ; etc., etc., etc.), that the legacies are a charge on the residuary real estate no less than on the personalty—though the latter, of course, is first applicable to their payment.

" That the will in the present case has created a trust with regard to the residuary estate does not alter the fact that what is given is only the residue ; nor is the effect changed by the further fact that the testatrix has expressly declared that the real estate mentioned shall form part of—'be included in'— the residue. It would seem rather that an anxious desire was thus manifested to exclude the idea that it was to pass specifically. In Castle v. Gillett, 16 L. R. Eq. 530, cited by the respondents, the real estate, though in one sense residuary, was not disposed of as part of the residue, and the reason for holding it chargeable did not, therefore, exist.

" Payment of the legacies mentioned in the petitions is directed to be made within twenty days from the date of filing this petition, otherwise a *levari facias* will issue in accordance with the provisions of the act of assembly.

"Let the necessary decree be prepared by counsel."

A decree having been entered in accordance with this opinion, the residuary legatee and her trustee appealed.

*Errors assigned* were (1) directing payment of the legacies ; (2) holding that the legacies were a charge upon the real es-

tate devised in trust for Mrs. Lukens; (3) the decree entered, quoting it; (4) not dismissing the petitions.

*J. Hay Brown, W. U. Hensel* and *Valentine & Brown* with him, for appellant.

*Robert H. Neilson,* for Home of the Merciful Saviour, appellee.

*E. Clinton Rhoads* for Anna M. Weaver, appellee.

PER CURIAM, April 18, 1892:

It is settled by abundant authority that where real and personal estate are blended in the residuary clause of a will, the legacies are a charge on the real and personal estates so blended: Gallagher's Ap., 48 Pa. 121; Brisben's Ap., 70 Id. 305; Davis's Ap., 83 Pa. 348. To these authorities may be added one case, decided at the present term, and not yet reported.* The appellant contended, however, that the dwelling house, No. 112 S. 21st St., did not come within this principle, although embraced within the residuary clause, for the reason that it was specifically devised. We do not see anything in the will to take it out of the operation of the general rule. There is merely a direction that the furniture in said house shall not be converted into money so long as the house will rent furnished more advantageously than otherwise. It is nevertheless a part of the residuary estate, and the will authorizes the trustee to sell it at either public or private sale, and to hold the proceeds under and upon the same trusts therein declared as to the residuary estate.

The decree is affirmed, and the appeal dismissed, at the costs of the appellants.

---

* See Bennett's Estate, *ante,* p. 139.