[No. 5700.]

ALEXANDER V. WELLINGTON.

1. **Courts—Presumptions of Regularity**—Where, in a court of several divisions, an order is made in one division, in a cause pending in another, it will be presumed that the judge who announced the order was acting by request of the judge of the division where the cause was pending.—P. 390.

2. *Motion for New Trial—Manner of Assigning Causes*—A motion for a new trial in a cause heard before a referee, assigning for cause non-compliance of the finding with the order of reference, must specify wherein the supposed departure consists. —Pp. 391, 392.

3. **Appeals—Assignments of Error**—One assigning for error the denial of a motion for new trial, but failing to specify the ground of objection relied upon, will not be heard.—P. 392.

4.   Evidence — Testimony Upon a Former Trial — The evidence taken in the county court may be read in the district court, upon an appeal, the witness being shown to have departed hence, and taken up residence in another state.—P. 392.

5.   Appeals — Harmless Error — To allow a plaintiff in an action for an accounting to read extracts from the partnership books kept by defendant, in order to refresh his recollection, the books being in court, no question being made that the extracts were not truly made, is harmless.—P. 392.

So, a failure to find upon the allegation of fraud tendered by the successful party.—P. 393.

So, the improper admission, for the impeachment of a witness, of evidence which is competent to the issues.—P. 394.

So, of the improper admission of evidence, when, eliminating that improperly admitted, the findings are abundantly supported, and the judgment manifestly just.—P. 395.

*Appeal from Denver District Court.*
*Hon. Peter L. Palmer, Judge.*

Mr. LESLIE E. HUBBARD, for appellant.

Mr. HENRY HOWARD, Jr., for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action for an accounting by one partner against another.   The cause was referred by the court to a referee for finding of the issues both of law and fact.   The referee reported findings for plaintiff and recommended judgment in his favor. The report was approved by the court and judgment went accordingly.   The defendant's motion for a new trial was overruled, and from the final judgment he is here with his appeal.

1.   In the district court of the second judicial district, comprising the county of Denver, there are five divisions, each of which is presided over by a single judge.   This action was pending in division 3, presided over by Judge Palmer.   The order of reference was made by Judge Mullins, presiding in

division 2. Defendant says that it is void because not made by the judge of that division of the court in which the action was pending. In the absence of a statute, we take it, the presumption which attaches to the regularity of the proceedings of a court of general jurisdiction would obtain here, and, if there is no affirmative showing to the contrary, the order of reference would be presumed to be regular and that the judge of the second, was requested to act in the premises by the judge of the third, division. Our statute is also in harmony with this presumption. Aside from this, when the referee's report was filed in division 3, Judge Palmer presiding therein expressly found, before he approved it, that the order of reference was made at his request and during his absence by Judge Mullins of the second division. There is no merit in defendant's contention.

2. Defendant's chief objection seems to be that the report of the referee is fatally defective in that it does not contain any findings of fact at all, and that the alleged, or supposed, findings of fact are blended with conclusions of law. Section 212 of the civil code, under which the reference was had, provides that the report of the referee shall state "the findings of fact and conclusions of law separately and in a clear and intelligible manner." The referee's report in this particular is not a model, and we are not prepared to say that it is free from the criticisms made by defendant's counsel. But it does not necessarily follow that defendant is entitled to a reversal because of a defective report. Section 212, *supra*, further provides that upon the filing of the referee's report with the clerk "judgment shall be entered thereon in the same manner as if the action had been tried by the court, unless objected to by either party by filing a motion for a new trial," as provided in section 214; which section says that the

motion for a new trial shall contain the same grounds "as upon the verdict of a jury or the decision of the court," and that the court may grant this motion, "or may modify the findings of the referee and enter judgment accordingly, when it is manifest from the evidence reported what the findings and judgment should be."

In pursuance of these requirements defendant, within the proper time after approval of the report, filed his motion for a new trial, and the objection to the report then made, and which he renews here, is the one set forth as the first ground of the motion for new trial in the following language: ·

"That said referee's findings and report are not in accordance with said order of court appointing the referee in this case, and that his findings and report are against the order of said court, and not in compliance with the order appointing the referee."

The first assignment of errors, the only one which by any possibility can be construed as covering this objection, reads:

"The court erred in overruling defendant's motion for a new trial on the grounds and for the reasons therein stated."

Assuming then that, by adoption, the first ground of the motion for a new trial is defendant's first assignment of error, we are clear that under it he is not in a position to be heard upon the particular objection we are asked to pass upon.

In section 217 of the Code are enumerated the causes for which a new trial may be granted. The first is "irregularity in the proceedings of the court, referee or jury, * * * or any order of the court or referee * * * by which either party was prevented from having a fair trial." Under this comes defendant's objection. The first ground for a new trial specified in the motion is wholly insufficient.

It does not specify wherein the findings and report are not in accordance with the order of reference, or in what respect they are against the order, or in what particular they do not comply therewith. The assignment is also wholly insufficient as a specification under Rule 11 of this court, which requires each error to be particularly specified. Under a somewhat similar provision of the New York code, cases have been cited by appellee which hold that such an objection is not available under a motion for a new trial, but should be taken by way of exception, so as to give the court an opportunity to reopen the case and order the cause returned to the referee for correction, or to make the necessary findings of its own motion.

Whether that holding is applicable under our code we are not required to say, for we are clearly of opinion that by his failure, both before the referee and the district court, to call attention to the particular defect now complained of, defendant has waived his right to press the point here.

3.   This action was instituted in the county court and a reference was had there, the referee finding the facts and the law in favor of plaintiff, and his report was approved by the county court and judgment went for plaintiff. Upon the hearing before the referee on the appeal pending in the district court, this officer permitted plaintiff, over defendant's objection, to introduce in evidence the transcribed testimony of witnesses who testified before the referee in the county court. The ruling was based upon the fact that the witnesses in question had departed from this state and were living outside thereof in a sister state. The only objection which seems to be seriously urged is that the showing of the nonresidence of the witnesses was inadequate. The showing was clearly sufficient.

4. The plaintiff was permitted to read certain exhibits, which were copied from the partnership day book and sales book which the copartners used in the conduct of their retail business. Defendant says this was improper because plaintiff did not keep these books or know anything about them, and they were not, and could not be, used by him to refresh his recollection, the entries having been made by the defendant who was present and in court. We do not perceive the force of the objection. The books in question, from which the exhibits were unquestionably taken, were books of the copartnership, and the entries were made by defendant himself. They certainly were admissible against him, as his own written declarations. But if it was irregular for plaintiff to read from exhibits, instead of from the books themselves, it was harmless error, for the books were in evidence and no point is made that the exhibits were not accurate reproductions.

5. Defendant says that the referee did not make a finding as to all the issues of fact raised by the pleadings. It seems that the complaint charges, among other things, that defendant fraudulently and wrongfully attempted to deceive plaintiff and conceal from him $400, or thereabouts, of the profits, and convert the same to his own use. We do not find that the record supports this contention. As we read it, the referee was of opinion that the evidence was not sufficiently clear and preponderating to warrant a finding in favor of plaintiff on this issue. This would seem to be equivalent to a finding against plaintiff. But if it be true, as defendant contends, that there was no finding at all, plaintiff might complain; but, since the judgment as rendered against him did not include any award under this issue, and as he claimed nothing affirmatively thereunder, defendant is not hurt by such omission.

6. The most important objection which defendant raises with respect to the rulings upon evidence pertains to the examination of plaintiff. The plaintiff produced in court and read from an exhibit which seems to be a bill of particulars written out by a stenographer from dictation of plaintiff's attorney, who obtained his information from the plaintiff and an expert witness who, plaintiff says, obtained the data from certain books, bills, invoices, papers, and other memoranda which, as defendant says, were not identified before the court, and that the exhibit was made up not immediately after the transactions which were mentioned therein, but long after they occurred.

Another objection also strenuously urged is to the ruling of the court permitting plaintiff to introduce a stenographer's report of certain portions of the testimony of defendant taken before the referee in the county court, for the purpose of contradicting and impeaching defendant Alexander upon the second hearing. It is somewhat difficult to determine just what the record discloses with reference to these two objections. From a technical standpoint it might be difficult to sustain these rulings of the court. We shall not, however, follow counsel in their elaborate and redundant arguments in support of their respective contentions, or examine or comment upon the vast number of cases which they cite in their support. We observe, however, that Alexander was a party to the action, and the same strictness required in impeaching a mere witness does not in all respects obtain where the witness is also a party to the action, and that, if the evidence admitted is improper for impeachment purposes, it might be competent as responsive to the main issue of fact under consideration.—*Buddee v. Spangler,* 12 Colo. 216-223. We do not, however, lay any stress upon these observations. If it be assumed that the rul-

ings complained of are erroneous, we are satisfied that they ought not to be taken as prejudicial to defendant. The controversy between these parties required an investigation into the affairs of a retail mercantile business which had been carried on for a number of months and involved an examination of a large number of accounts, books, and papers of the copartnership. An exhaustive investigation was had at the first trial by a referee of the county court, which resulted in favor of plaintiff, and this report met the approval of the county court. After the appeal was taken to the district court a reference was again had and the referee again found in plaintiff's favor and so reported to the district court, and this referee's report was approved. As careful an examination of the abstract of record as we have been able to make, satisfies us that the findings of the referee and the judgment of the district court are right and should be affirmed. We are led irresistibly to the conclusion that if the evidence adduced by plaintiff, to which defendant so earnestly objects, was eliminated from the case, what remains is abundantly and legally sufficient to uphold the findings and judgment. Indeed we do not think defendant has any just reason to complain of the amount of the judgment as rendered, but that the referee and court might well have found for plaintiff in a larger sum. Had the judgment been in favor of defendant, it is doubtful if, under the legitimate evidence produced, it could be upheld.

Considering the entire record, we are of opinion that no error prejudicial to defendant was committed by the trial court; its judgment is therefore affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.