(December 21, 1908.)

E. R. WHITLA, Plaintiff, v. T. L. QUARLES, Clerk and Ex-officio Auditor and Recorder of Kootenai County, Defendant.

[98 Pac. 631.]

COUNTY SEAT REMOVAL ELECTION—FORM OF BALLOT.

1. Sec. 118 of an act approved February 2, 1899 (Sess. Laws 1899, p. 33), relative to the holding of general and special elections, etc., is still in force and effect in reference to the size, form and manner of preparation of ballots for county seat removals.

2. Sec. 48 of an act approved February 2, 1899, relating to the holding of general and special elections, etc., as amended by act of February 27, 1905 (Sess. Laws 1905, p. 315), does not apply to the ballots to be used in county seat removal elections.

(Syllabus by the court.)

Original application for a writ of mandate. *Demurrer to the petition sustained* and the cause dismissed.

Ezra R. Whitla, *pro se,* and H. P. Knight, for Plaintiff.

C. H. Potts, Prosecuting Attorney of Kootenai County, for Defendant.

Counsel file no briefs.

AILSHIE, C. J.—Application was made in this case for a writ of mandate against T. L. Quarles, clerk of the district court and ex-officio auditor and recorder of Kootenai county. The county attorney, representing the clerk, demurred to the petition, and on the 19th day of October, at the Lewiston term of this court, the demurrer was sustained and the application denied and the petition dismissed.

The only question that was involved in the case was whether the auditor should prepare ballots for the county seat removal election in Kootenai county under the provisions of sec. 118 of an act approved February 2, 1899 (Sess. Laws 1899, p. 33), providing for the holding of general and special elections, etc., or should prepare them under the provisions

of sec. 48 of the same act as it was amended by act of February 27, 1905. Under the provisions of sec. 118 of the act of 1899, county seat removal ballots are required to be three inches square, or as near that size as practicable, and on one side thereof shall be the following words:

"For removal of the county $\Big\}$          No
    seat to ————          Yes

"For changing county lines $\Big\}$          No
              Yes."

Under the provisions of the amendment of 1905, the ballot is required to be seven inches wide attached to a stub or counter-foil two inches wide, by a perforated line, and printed upon light blue paper, containing the words "other questions," and thereon stating the question to be voted for.

As announced by the court at the oral argument, we are clearly of the opinion that sec. 48, as amended by act of 1905, has no application to county seat removals, and that it was not intended by the provisions of that amendment to change or alter the form of ballot used at such elections.

The "other questions" therein designated are evidently questions to be submitted to the people other than constitutional amendments or county seat removals.

The judgment in this case has already been entered in favor of the defendant auditor, and denying plaintiff's application. The conclusion then reached is hereby affirmed.

Sullivan, J., and Stewart, J., concur.