No. 11,187.

DEBEVTZ *v.* NEW BRANTNER EXTENSION DITCH CO.

Decided December 21, 1925.

Action for damages caused by water flowing from an irrigating canal. Judgment for defendant.

*Affirmed.*

1.   IRRIGATION—*Ditch Operation—Negligence.* In an action for damages to crops caused by water from an irrigating canal, plaintiff's land being in a depression adjacent to a natural stream was burdened with the easement of carrying the water which

naturally drained from the land above it, including that from defendant's canal, no negligence appearing in the construction or operation of the latter.

2. APPEAL AND ERROR—*Appelate ·Practice.*   Assignments ,of error which are so general that each not only covers all the others, but any possible question involved in the trial, being in violation of rule 32 of the Supreme Court, will not be noticed on · review.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. WILLIAM YOUNG, for plaintiff in error.

Mr. L. F. TWITCHELL, Mr. E. C. KING, Mr. G. A. MCCANN, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

FOR convenience we hereinafter refer to plaintiff in error as plaintiff, and defendant in error as defendant, as they appeared in the trial court.

Plaintiff was owner and lessee of certain agricultural lands and defendant was operating a certain irrigation canal.   Plaintiff alleged that between May 1, 1923, and June 25, following, defendant operated its ditch so negligently as to destroy his crops, and that such injury was inflicted with wanton and reckless disregard of his rights. He demanded actual and exemplary damages.   The defendant alleged adverse possession and use of the wasteway in question for forty years; that the damage was caused by others; and that it was caused by unprecedented floods. Essential denials were contained in the answer and replication.   The cause was tried to the court, without a jury, and findings were for defendant.   Motion for new trial was filed, argued and overruled.   Judgment was entered for defendant and plaintiff brings error.

From the court's findings we quote the following: "This is not a case in which it can be said that the defendant company was negligent in either the construction or operation of its ditch. * * * It * * * did use all precautionary measures to carry the water which it was entitled to divert from the river. * * * The plaintiff is not entitled to recover damages in this case, for the reason that the testimony shows that the damage accrued from water arising from natural causes on lands above flowing down in the natural course towards the river, * * *. The plaintiff purchased his land in the lowest point next to the Platte river, and his land is burdened with the easement of carrying the water which naturally flows from all of the land above it."

There were ten assignments of error. The first reads: "1. The court erred in finding that the defendant was not negligent in the operation of its ditch."

The next six go only to the findings of fact and are taken verbatim from the motion for new trial. The last three read: "8. The court erred in overruling plaintiff's motion for a new trial. To which ruling of the court the plaintiff, by his counsel, duly excepted. 9. The court erred in ordering judgment in favor of the defendant and against the plaintiff. To which judgment, and the entering thereof, plaintiff objected and excepted. 10. The court erred in not directing the entering of judgment for substantial damages in favor of the plaintiff and against the defendant. And for his costs in this behalf laid out and expended."

The only proposition of law covered by the first assignment is the correctness of the rule followed by the court as to defendant's duty with respect to water on its premises for the presence of which it was not responsible. The court found that in disposing of this water as it did defendant acted lawfully under the modified civil law doctrine of dominent and servient estates as approved by this court in *City of Boulder v. Ditch Co.,* 73 Colo. 426, 216 Pac. 553, 36 A. L. R. 1458. Assuming the facts as found by the court the rule was right and applicable.

The last three assignments are so general that each not only covers all the other assignments, but any possible question involved in the trial.  Rule 32 of this court requires that "each error shall be separately alleged and particularly specified."  These three are hence no assignments and will not be noticed.  We so hold with less reluctance because a careful examination of the entire record convinces us that, assuming the facts as found by the court, the judgment is right.  *Percy Con. M. Co. v. Hallam,* 22 Colo. 233, 236, 44 Pac. 509; *Goldberger v. Leibowitz,* 42 Colo. 99, 103, 93 Pac. 1108; *Alexander v. Wellington,* 44 Colo. 388, 391, 98 Pac. 631.

As to the facts we think there is evidence to support the findings.  The trial Judge saw and heard the witnesses and the alleged insufficiency was presented to and reviewed by him under the motion for new trial.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.