# No. 12,010.

## DAISS *v.* HANES.

Decided April 1, 1929.   Rehearing denied April 22, 1929.

Mr. John W. Helbig, for plaintiff in error.

Mr. Chester E. Smedley, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Rosa Hanes, legatee in the will of John P. Varner, deceased, brought this action against Orrien S. Varner, residuary legatee and devisee, and Adam Daiss his grantee, to have her unpaid legacy of $1,000 and interest made a charge upon a tract of farm land, part of the residuary estate of testator, which, by the residuary devisee, had been conveyed to Daiss. The trial court rendered the decree prayed for and Daiss alone prosecutes this writ of error.

Clause 1 of the will gives a legacy of $500 in money to a church organization. Clause 2 gives to the plaintiff Hanes, a niece of testator, a money legacy of $2,000 to be paid out of the estate in four equal instalments of $500 each; the first payment to be made two years, the second

four years, the third six years, the fourth eight years, after testator's death, the entire bequest of $2,000 to bear interest at the rate of 6 per cent from date of the testator's death. Immediately following these two separate general legacies is the residuary clause reading: ''I give and bequeath all the rest, remainder and residue of my estate, whether real or personal, including my farm of Three Hundred and Sixty (360) acres, lying on Cherry Creek, three miles south of Parker, in the county of Douglas, in the state of Colorado, to my son, Orrien S. Varner.''

The first two payments of $500 each of the legacy of the plaintiff Hanes have been paid and this action concerns only the last two, aggregating $1,000 and interest, which have not been paid. The plaintiff in error has filed six separate assignments of error. Some of them are bad in that they do not particularly specify the errors complained of as our rule 32 requires. The action is predicated on the theory that where, as here, there is a blending in the residuary clause of the real and personal estate of the testator, prior pecuniary legacies in the will are chargeable on both the realty and the personalty.

Defendant first contends that the devise of the farm in the residuary clause of the will is a specific, not a general, devise. He cites, among other cases, *Nusly v. Curtis*, 36 Colo. 464, 85 Pac. 846, 10 Ann. Cas. 1061. It is not in point for the devise there considered was not included in the residuary clause where, as here, realty and personalty are blended. Other cases relied upon by defendant are *Johnson v. Poulson*, 32 N. J. Eq. 390, and *Brill v. Wright*, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717, and other New York cases. These New York cases commentators have said are in a class by themselves and are not followed in the other states of the Union. The Poulson case from New Jersey seems not to be in accord with later New Jersey cases, but if it tends to support defendant's contention here, it is to be classed with the minority holdings. We shall consider some of the leading cases.

In *Markley's Estate,* 148 Pa. St. 538, 24 Atl. 75, the doctrine of the Poulson case is rejected. In *Bristol v. Stump,* 136 Md. 236, 110 Atl. 470, was considered a residuary clause almost identical in language with the case in hand. It reads: "I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, including my farm called 'Waverly,' to my nephew * * * and his heirs forever." The court in speaking of this clause said: "The enumeration of property in a residuary clause of a will in general terms does not constitute the legacy or devise a specific one." To the same effect is the *Estate of Painter,* 150 Cal. 498. In *Lewis v. Darling,* 16 How. (21 U. S.) 1, 14 L. Ed. 819, the court there says, as stated in the syllabus: "Whether a legacy is chargeable on real estate depends on the will of the testator, and if he has blended his realty and personalty into one fund, for this purpose, it is not necessary first to exhaust the personalty before resorting to the realty." The court adds: "The rule in such a case is, that where a testator gives several legacies, and then, without creating an express trust to pay them, makes a general residuary disposition of the whole estate, blending the realty and personalty together in one fund, the real estate will be charged with legacies, for in such a case, the 'residue' can only mean what remains after satisfying the previous gifts." The court further says: "Nor does this conflict at all with that principle of equity jurisprudence, declaring that generally, the personal estate of the testator is the first fund for the payment of debts and legacies. The rule has its exceptions, and this is one of them."

In 3 Woerner, American Law of Administration (3d. Ed.), at page 1545, the author says: "But if the testator, in the residuary clause, treats the real and personal property as forming one whole, without distinguishing the one from the other, he is presumed thereby to manifest an intention to charge the general legacies upon the land, because 'residue' in such case can only mean what

remains after satisfying the former gifts.'' And while it is true that general legacies may not always be chargeable upon real estate merely because they are devised in the residuary clause, yet the fact that they are included in the residuary clause is of great weight as indicating the testator's real intention. *Rinehart v. Rinehart,* 98 W. Va. 93, 126 S. E. 402, 42 A. L. R. 649, is a strong case in favor of the plaintiff. In *Reel's Estate,* 266 Pa. St. 221, 109 Atl. 845, the testatrix after making a number of bequests, blended her whole estate in the residuary clause. The court said that her lands thereby became bound by necessary implication for the payment of the legacies, for what the rest and residue of the estate will be, cannot be ascertained until the debts, legacies and expenses of administration are paid. In Ann. Cases 1914D, p. 33, the author says: ''By the weight of American authority a residuary clause is general as to realty passing thereby.''

Our conclusion is that the devise of this farm was not specific, but general, and that the legacies preceding the residuary clause did not abate. We might well here conclude this opinion with the statement that plaintiff's entire case rests upon this one general assignment just determined, that the devise in this will of the farm land is specific, not general. Whatever might be our decision as to the eight or more separate defenses of the answer, aside from the character of the residuary devise, would not change the result; since the remaining assignments just referred to depend for solution on the character or effect of the residuary devise; that is, if it is general and not specific, as we have held, it did not abate, and so the residuary devise is charged with payment of the general legacy. We have concluded, however, as briefly as possible, to pass upon such of the other assignments as, on the surface at least, have some semblance of merit.

The defendant contends that even under the theory of a residuary clause the personal property of the estate must first be exhausted in the payment of pecuniary lega-

cies. In 28 R. C. L. 306, § 286, the author says: "Where it is manifest from the whole will that it was the design of the testator that the legacies should be paid at all events, the implication is that the residuary legatee or devisee shall only have the remainder, after the satisfaction of the previous dispositions." While conceding for the purpose of the argument only, the applicability of this quotation to this case, the defendant says that the plaintiff legatee, niece of the testator, by a previous suit brought against the executor on his official bond for devastavit, was an election on her part to satisfy her legacy without resort to the real estate, though the effort was only in part successful and a recovery was had only on the first two payments of $1,000 and interest. Only these two payments with interest were thus collected. The present action is to make the other two payments and interest a charge upon the residuary estate which is the only fund of the estate out of which satisfaction can be received. We think the plaintiff has complied with this rule invoked by the defendant, if it is applicable, in her attempt thus to secure satisfaction out of the personal property of the estate. That is, she exhausted her remedy as to personalty. She may, therefore, proceed against the farm land.

Another contention of defendant is that if this legacy was a charge upon the farm land as a part of the residium, the land has once been burdened in aid of its payment and cannot be subject to the same burden twice. The record does not show that the defendant's farm land has already been burdened in part payment of the plaintiff's legacy. A petition was filed in the county court to secure an order for a mortgage upon this farm land and it was granted. At the time the petition was filed no portion of plaintiff's legacy was due, and did not become due until more than a year thereafter. The residuary devisee, Varner, defendant's grantor, was to get the entire estate after the debts and legacies were paid. This mortgage thus secured by the court's order, was given to

secure money to pay the legacy to the church then due and the due debts allowed against the estate, and not to pay the plaintiff's unpaid legacy. Hence this land has not been heretofore burdened in aid of payment of the plaintiff's legacy as the defendant mistakenly asserts.

Another defense interposed is that the plaintiff should not be permitted to subject the defendant's farm to payment of her legacy, because she did not protest against the closing of the estate, and thereafter filed a petition to reopen it, which request seems not to have been brought to the attention of the county court, at least was not disposed of. By the terms of the will, plaintiff's legacy was not payable at the time the estate might be, and actually was, closed under the authority of our pertinent statute. Plaintiff's legacy was a charge on the entire assets of the estate including the farm land. Besides, the final report, so far as the record shows, was not brought to plaintiff's attention. Plaintiff was not bound to intervene before the estate was closed, though she might have done so, but is not to be penalized because she refrained therefrom.

Another point made is that the executor was guilty of a devastavit and that plaintiff connived therein and was a party to it. In the separate defense of the answer, assuming to allege such a wrong, there are no facts set forth that can fairly be said to connect the plaintiff in any way whatever therewith. We have reread the briefs and record to see if such averments are present, but find none.

In the sixth, seventh and eighth separate defenses of the answer the defendant purports to interpose a plea of res judicata or, perhaps, speaking more accurately, a merger growing out of res judicata, consisting of a court proceeding and judgment wherein the plaintiff sued the executor of the estate to recover the first two payments then due upon her legacy. This plea of the defendant is bad on its face. The parties to this proceeding are not the same as in the former proceeding, nor is there any

privity; neither is the subject matter of the two suits the same. These defenses are fundamentally bad.

Another contention is that in the proceeding against the executor for devastavit, the plaintiff settled the same and released the executor's surety. This is without merit. Plaintiff had not only a remedy against the defendant as grantee of the residuary legatee of the farm land, but she also had a remedy against the executor for wasting or mismanaging the estate. These remedies were cumulative. The plaintiff could pursue either or both at her pleasure. Selection of one did not bar the other. *Cook v. Petty,* 108 Pa. 138; *Paterson General Hospital Ass'n v. Blauvelt,* 72 N. J. Eq. 725, 66 Atl. 1055.

Another contention is that the judgment which the plaintiff recovered against the executor for $1,000 and interest, being the amount of the first two payments and interest on her legacy, operates as a merger on her claim of the other two payments not due at the time of this judgment and not included in her complaint or petition against the executor. In that proceeding it seems that the plaintiff asked or suggested that some provision might, or could, be made for the other two payments of her legacy not then due, and upon which she did not count in that action, but the executor, as well as the court, said that the plaintiff already had security against this residuary farm land and no further security was proper or necessary. This matter was not then pressed or passed upon or determined by the county court. Both parties, as well as the court, deemed it not an issue in that proceeding and it was not determined in that proceeding, but expressly rejected and considered by all of the parties as not within the issue. Since the other two payments of the legacy were not at that time due or payable, it affords sufficient reason, if any was necessary, why the balance of the legacy was not then determined. The release of the surety on the executor's bond operated as a release, if at all, of the defendant, as grantee of the residuary lands, only to the extent of the amount

then due on plaintiff's legacy; which was the sum of the first two payments then due and interest thereon and for which only the plaintiff received judgment. It was not a release, or intended as such, as to the other two payments not then due and which were not then before the county court in that proceeding.

Still another defense suggested is that the judgment which the plaintiff obtained against the executor for wasting or mismanaging the estate, merged her entire claim to the full amount of her legacy of $2,000 and interest, even though the judgment was only for the amount of the first two payments aggregating $1,000 and interest then past due and sued upon. This is scarcely specious. At the risk of repetition we again say that this former suit against the executor by the plaintiff was based solely upon the first two payments of $500 each due at the time. The other two payments were not then due, or included in that action. If A holds four promissory notes of B, due respectively one, two, three and four years after date, and brings suit on the note first due and recovers judgment, can it possibly be that the amounts of the other three notes, though not then due and not then enforceable by suit, thereby merge in the judgment on the one matured note? That is what defendant's theory means. No argument is necessary to refute such a contention.

The district court was right in sustaining the separate general demurrers to the several separate affirmative defenses of the answer. These defenses, as we have seen, are wholly without merit. The plaintiff's legacy as to the last two payments constitutes a charge on the residuary devised lands now owned by the defendant. Her right to have this legacy thus satisfied has not been lost or forfeited. The judgment below so holding is affirmed.

Mr. Justice Alter not participating.