No. 17,565.

GORDON KEITH ALLISON *v.* LAWRENCE G. HELLER.

(289 P. [2d] 160)

Decided October 24, 1955.

Messrs. CALKINS & RODDEN, for plaintiff in error.

Messrs. BENNETT & HEINICKE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court defendant in error Heller was plaintiff, and plaintiff in error Allison was defendant. We will

refer to the parties as they there appeared, or by name.

Plaintiff's action to recover damages from defendant arose out of an automobile collision at the intersection of Third and Elm Streets in the Broadmoor District of El Paso County, Colorado, on January 10, 1954. Plaintiffs car was a family car and on the occasion was driven by his wife. Plaintiff's car was traveling north on Third Street and defendant's automobile was proceeding west on Elm Street. Defendant denied any negligence on his part as alleged in plaintiff's complaint, and filed a counterclaim for damage to his automobile, sustained in said accident. Trial was to the court and findings of the trial judge were in favor of plaintiff both on his complaint and on defendant's counterclaim. From the judgment entered in favor of plaintiff, defendant brings the cause here on writ of error.

Rule 111 (f) R.C.P. Colo. provides inter alia that plaintiff in error in his summary of the argument "shall state clearly and *briefly* the grounds on which he relies in seeking a reversal of the judgment * * *." The summary of argument specified in our present Rules supplants what was formerly denominated Assignments of Error, and the later Specification of Points. In the instant case the "Summary of the Argument" comprises almost three full typewritten pages, which in essence are arguments. Then, under the heading "Argument" we find three subdivisions: "1. The verdict is contrary to law. 2. The verdict is contrary to the evidence. 3. The verdict is contrary to the law and the evidence. 4. There is no substantial evidence to support the findings of this court."

The summary of the argument in this case does not comply with the rules above mentioned. The first three subdivisions under the heading "Argument" are meaningless under our Rules. They do not direct our attention to any alleged error and such mother hubbard generalities are not permitted under the provisions of our Rules. Where a proper summary of the argument is

lacking, we may decline to notice alleged errors presented in the argument.

■ Items, 1, 2 and 3 enumerated above are so general that they cover any possible question involved in the record. In *Debevtz v. New Brantner Extension Ditch Company,* 78 Colo. 396, 241 Pac. 1111, Mr. Justice Burke said: "Rule 32 of this court requires that 'each error shall be separately alleged and particularly specified.' These three are hence no assignments and will not be noticed." See, also, *Williams v. Williams,* 85 Colo. 551, 277 Pac. 468; *Daiss v. Hanes,* 85 Colo. 397, 277 Pac. 5; *Goodrich, et al. v. Union Oil Company of California,* 85 Colo. 218, 274 Pac. 935.

Our latest pronouncement on this matter appears in *Cline v. McDowell,* 132 Colo. 37, 284 P. (2d) 1056 where Mr. Justice Clark speaking for the Court said:

"Referring now to the second ground upon which protestants rely for reversal, wherein they assert that the findings and orders of the trial court 'are contrary to the evidence and contrary to the law,' we first call attention to the fact that such is not sufficient to authorize its consideration upon review. *Platte Valley Elevators Co. v. Gebauer,* 127 Colo. 356, 256 P. (2d) 903, and cases therein cited. In Rule 111 (f) R.C.P. Colo. prescribing what each party shall set forth in his summary of argument, it is provided that, 'He will be limited to the grounds so stated although the court may in its discretion notice any error appearing of record.' "

Notwithstanding the improper Summary of Argument in this case which, according to our Rules and the adjudicated cases, we were at liberty to pass over without consideration, we have voluntarily assumed the labor of reading the transcript for the purpose of informing ourselves whether or not the record shows prejudicial error. Having done so, we are definitely of the opinion that no reversible error appears in this case.

Defendant was connected with the Air Force at Peterson Field. The undisputed evidence in the case estab-

lishes that his car struck the right front fender and wheel of plaintiff's automobile and inflicted other damage to plaintiff's car. After all evidence was in, the parties stipulated that the trial judge should visit the scene of the accident. He did so, and then entered his findings (not a verdict) in favor of plaintiff.

We have carefully reviewed the evidence and find that there is ample competent evidence in the record to support the judgment. Counsel for defendant ask us to make a mathematical computation from the evidence and to conclude, contrary to the findings of the trial judge, that the driver of plaintiffs car was negligent and that her negligence was the proximate cause of the accident. This, we cannot do. It would be idle for us to cite the many cases in which we have so held.

With reference to the amount of the damages awarded, we are advised by counsel for defendant that the trial court "accepted all the testimony of plaintiff in this regard at its face value, and without investigating the matter."

Obviously the trier of facts has a duty to judge the credibility of the witnesses, and to accept or reject their testimony. In the instant case we find little discrepancy in the evidence concerning the damages. It is true that one witness for defendant testified that in lieu of a new frame for plaintiff's car, the damaged frame could be welded. There is also evidence in the record that this could not with propriety and safety be done. The trial judge correctly determined that plaintiff was entitled to have his car restored as nearly as possible to its condition prior to the accident. Plaintiff sued for one thousand dollars and had judgment for $859.97. There is competent evidence in the record to sustain this judgment.

No prejudicial error appearing in the record, the judgment is affirmed.