**STUDOR, INC., doing business in Colorado as Studor Venting, Inc., Plaintiff–Appellant,**

v.

**The EXAMINING BOARD OF PLUMBERS OF THE DIVISION OF REGISTRATIONS, DEPARTMENT OF REGULATORY AGENCIES, STATE OF COLORADO, Appellee.**

**No. 95CA1311.**

Colorado Court of Appeals, Div. IV.

Nov. 7, 1996.

Brownstein Hyatt Farber & Strickland, P.C., Stanley L. Garnett, Anne M. Murphy, Denver, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, G. Charles Robertson, Assistant Attorney General, Denver, for Appellee.

Opinion by Judge CASEBOLT.

In this appeal of a rule-making action of the Examining Board of Plumbers, plaintiff, Studor, Inc., challenges the Board's refusal to amend the Colorado Plumbing Code to approve the use of a plumbing vent it manufactures. We reverse and remand.

In 1994, the Board gave notice of proposed rule-making concerning its contemplated adoption of the Colorado Plumbing Code. Studor requested the Board to amend the Code to approve its plumbing vent for use in Colorado. The Board held a hearing at which it considered Studor's proposed amendment.

At the hearing, Studor presented both oral and written information regarding the safety and performance of its plumbing vent. Because of a malfunctioning tape recorder, the Board failed to record the hearing, and no official transcript or tape of the proceeding is available in the official rule-making record.

Finding the Studor valve unsafe, the Board rejected Studor's proposed amendment. This appeal followed.

Studor contends that the Board failed substantially to comply with the requirements of the rule-making statute, § 24–4–103, C.R.S. (1988 Repl.Vol. 10A), thus mandating reversal of the Board's decision with respect to Studor's proposed amendment. We agree.

The Plumbing Code specifies minimum standards for installation, alteration, and repair of plumbing equipment and systems throughout the state. Section 12–58–101, et seq., C.R.S. (1991 Repl.Vol. 5B). Pursuant to § 12–58–104, C.R.S. (1991 Repl.Vol. 5B), the Board is required periodically to review and amend the Plumbing Code in accordance with the rule-making procedures of the Colorado Administrative Procedure Act (APA). See § 24–4–103, C.R.S. (1996 Cum.Supp.).

Under the APA, the Board must provide notice, hold a public hearing where interested persons may comment on proposed amendments to the Code, and maintain a record of the rule-making proceedings for possible judicial review. Section 24–4–103.

We may set aside an agency action if we conclude that the agency action: (1) is arbitrary or capricious; (2) is not in accord with the procedures or procedural limitations of the APA; or (3) is unsupported by substantial evidence when the record is considered as a whole. Section 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A); see McClellan v. Meyer, 900 P.2d 24 (Colo.1995).

■ Administrative regulations, however, are presumed valid and will not be struck down on review unless the challenging party has carried its burden to demonstrate that the regulation is in excess of statutory authority or otherwise invalid. Barr Lake Village Metropolitan District v. Colorado Water Quality Control Commission, 835 P.2d 613 (Colo.App.1992).

When an agency engages in rule-making, "substantial compliance" with the rule-making procedures established in § 24–4–103 is required, and an agency's failure to meet that standard renders a rule invalid. Section 24–4–103(8.2)(a), C.R.S. (1988 Repl.Vol. 10A); Charnes v. Robinson, 772 P.2d 62 (Colo. 1989); Jefferson County School District R–1 v. Division of Labor, 791 P.2d 1217 (Colo. App.1990).

■ In determining whether there has been substantial compliance we look, inter alia, to the extent of the noncompliance and the purpose of the provision violated. See Bickel v. City of Boulder, 885 P.2d 215 (Colo. 1994). See also Woodsmall v. Regional Transportation District, 800 P.2d 63 (Colo. 1990) (substantial compliance is more than minimal compliance but less that strict or absolute compliance). Thus, we must examine the agency's actions in light of the legislative objectives of the rule-making provisions at issue, as well as the objectives of the APA procedures in general.

I.

■ Studor first argues that the Board failed to comply with the APA because it did not maintain an appropriate record of the public hearing. We agree.

The APA specifically states that the agency rule-making record shall contain "[a]ny official transcript of oral presentations made in the proceeding upon which the rule is based or, if not transcribed, any tape recording or stenographic record of those presentations and any memorandum prepared by a presiding official summarizing the contents of those presentations." Section 24–4–103(8.1)(b)(IV), C.R.S. (1988 Repl.Vol. 10A) (emphasis added). Both parties concede that the Board had a duty either to provide an official transcript of the proceeding or an audio tape or stenographic record of the public hearing for the rule-making record.

Here, the Board failed to record or transcribe the substance of the public hearing because of a malfunctioning tape recorder, nor did it provide a stenographic record. In view of the Board's ultimate determination to

reject a Code amendment allowing Studor's vent because of public safety concerns "based upon questions raised during the public hearing," the lack of a transcript or tape is significant.

Nevertheless, the Board argues that a partially reconstructed transcript combined with notes taken by an unknown person containing a brief description of each speaker's comments complies with the requirements of this section.

The purpose of maintaining an official transcript or tape recording of the hearing is to allow both for public inspection and to create a record that an appellate court may use to evaluate the basis of an agency's conclusions. Section 24–4–103(8.1)(a), C.R.S. (1988 Repl.Vol. 10A). In light of the provisions of the statute requiring either an official transcript or a tape recording plus an official summary, we do not perceive that a partially reconstructed transcript covering a small percentage of a meeting—combined with notes taken by an unknown individual— complies with either the purpose or plain language of this provision.

■ Thus, the Board's submission of an abbreviated transcript and cursory notes does not satisfy § 24–4–103(8.1)(b)(IV).

## II.

Studor next argues that the Board failed properly to compile the rule-making record. Again, we agree.

The provisions of the APA state that, in compiling a rule-making record, an agency may not supplement the record with documents obtained outside of the proceeding. Specifically, an agency shall not introduce "evidence or information into [the] rule-making record from outside of the public rule-making hearing ... without notice to all parties to such hearing and [an] opportunity to respond." Section 24–4–103(8.1)(c), C.R.S. (1996 Cum.Supp.).

Here, the Board included in the record numerous documents gathered outside of the rule-making hearing. Principally, the Board included documents relating to an arbitration conducted in 1994 involving the Board and the Eagle County building inspector concern-

ing the installation of the Studor device in a large housing complex. Although the Board states that Studor "must have had notice" that it would consider the arbitration documents, the Board provides no evidence that it gave Studor actual notice of, or an opportunity to respond to, the arbitration documents.

The Board relies on *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) for the proposition that, because the original record was insufficient to support its ruling, the Board should be allowed to introduce additional documentation to explain its decision. *Overton Park,* however, holds that when an agency frustrates judicial review by failing to compile a satisfactory record, a *trial court* may obtain additional explanations from the agency of the reasons for the agency decision. We are not aware of any authority in which an *appellate* court has permitted an agency to supplement the record with inadmissible evidence as a means of justifying an earlier ruling.

■ Considering the plain language of § 24–4–103(8.1)(c), as well as relevant case law, we conclude that the Board's introduction of the documents from outside of the public rule-making procedures does not comply with the APA. And, we reject the Board's invitation to carve out exceptions to the statutory requirements for maintenance of the record based upon inapplicable federal authorities.

## III.

Studor also argues that the Board failed properly to maintain the rule-making record. Once again, we agree.

The APA requires an agency to maintain an official rule-making record until all administrative and judicial review procedures have been completed. Section 24–4–103(8.1)(a), C.R.S. (1988 Repl.Vol. 10A). This record is meant to provide information to a reviewing court with which to judge the appropriateness of the agency's decision.

As part of the official record, an agency must include and maintain all written submissions and comments received by the

agency as of the date of the public hearing. Section 24–4–103(8.1)(b)(III), C.R.S. (1988 Repl.Vol. 10A). The agency is then instructed that it must consider all such submissions. Section 24–4–103(4)(a), C.R.S. (1988 Repl.Vol. 10A).

Here, the Board failed to include documentation in the official record that was provided by Studor addressing the safety and effectiveness of its vent. Specifically, the Board could not locate six documents providing technical information about the device that Studor had submitted at the hearing. The Board, however, argues that it adequately maintained the record because "a majority of the information" was contained in other portions of the record.

Because we are unable to review the material actually submitted and compare it with what is in the record before us, it is impossible to discern the correctness of the Board's contentions. Moreover, the APA requires that an agency *shall* maintain *all* written submissions received by the agency as of the date of the hearing. Section 24–4–103(8.1)(b)(III), C.R.S. (1988 Repl.Vol. 10A). This requirement assures that an agency will consider all pertinent information when engaging in rule-making. Indeed, this is precisely the type of documentation that should have been pertinent to the Board's determination of the safety of the Studor vent.

Furthermore, even if a majority of the information provided by Studor was duplicated in other portions of the record, the Board nonetheless violated its duty to include in the record all written comments received from the public.

■ Thus, we conclude that the Board's failure to locate and include the documents supplied by Studor violated § 24–4–103(8.1)(a).

### IV.

Because we have concluded that the Board failed to follow procedural provisions of the APA, we are left to determine whether the combined effect of the violations necessitates a finding that the Board failed to meet the standard of substantial compliance with the

overall APA procedures in ruling on Studor's proposed amendment.

As noted previously, to satisfy the requirements of the APA when performing rule making functions an agency must provide: (1) public notice; (2) an opportunity for, and full consideration of, any comments; and (3) a complete rule-making record. Sections 24–4–103(2), 24–4–103(4), & 24–4–103(8), C.R.S. (1988 Repl.Vol. 10A).

Here, the Board satisfied the requirement of public notice and provided Studor and the public an opportunity to be heard. However, as noted above, we cannot determine whether the Board gave full consideration to any comments. In addition, in compiling and maintaining the record the Board: (1) failed to make an official transcript, tape recording, or stenographic record of the hearing; (2) improperly supplemented the record; and (3) omitted certain pertinent documents from the record. The Board therefore violated two of the three primary legislative requirements of the APA—to consider all comments submitted and to formulate a proper rule-making record.

■ One important purpose of a rule-making record is to provide a court with a concrete body of material for assessing the basis of the administrative agency's conclusions. This requirement structures the processes of administrative rule-making and judicial review by providing a rationale and support for administrative regulations. *Citizens for Free Enterprise v. Department of Revenue,* 649 P.2d 1054 (Colo.1982). Furthermore, agency actions are to be reviewed based solely upon the record made before the agency. *Eagle Peak Farms, Ltd. v. Colorado Ground Water Commission,* 870 P.2d 539 (Colo.App.1993), *rev'd on other grounds,* 919 P.2d 212 (Colo. 1996).

■ Considering the actions of the Board as a whole, we conclude that its failures noted above violated the legislative intent of the APA and frustrated judicial review. Therefore, we hold that the Board did not substantially comply with the APA's provisions.

In view of this determination, we do not reach the issue of whether the Board's action was arbitrary or capricious.

The Board's ruling is reversed, and the cause is remanded to the Board with directions to grant a new hearing on Studor's proposed amendment in accordance with the provisions of the APA.

NEY and DAVIDSON, JJ., concur.